**Petition for Writ of Mandamus Denied and Majority and Dissenting Memorandum Opinions filed August 13, 2024.**



**In the**

# Fourteenth Court of Appeals

---

**NO. 14-23-00718-CV**

---

## IN RE JUDITH AUDREY COOK AND BRANDON ORCUTT, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**505th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 19-DCV-261182**

---

## D I S S E N T I N G   M E M O R A N D U M   O P I N I O N

I respectfully dissent. This is a suit involving the parent-child relationship. The biological mother is the real party in interest. Relator Brandon Orcutt is the biological father. Relator Judith Cook is Orcutt's mother and the biological grandparent of the children. By agreement, both Orcutt and Cook are represented by one lawyer. Mother moved to disqualify that lawyer under 1.06(a) of the Texas Disciplinary Rules of

Professional Conduct.[1] The trial judge granted the motion and Orcutt and Cook petitioned for a writ of mandamus.

Orcutt and Cook can be considered opposing parties to the same litigation under Disciplinary Rule 1.06(a). Cook, at this time, does not believe that Orcutt should have custodial rights to the children because he is in jail. She intervened in the lawsuit seeking sole managing conservatorship and alternatively for visitation. Orcutt wants the children's grandmother to have rights to his children because he is not in a position to do so, but after initially opposing Mother's request to be named sole managing conservator, he and Mother signed and filed a new mediated settlement agreement in which Mother is to be named sole managing conservator—which contradicts Cook's position.

Comment 17 to Rule 1.06 notes that an objection by opposing counsel to a conflict "should be viewed with great caution" for it can be "misused as a technique of harrassment." The Supreme Court has also held that the opposing party must prove prejudice to that party before the court should grant disqualification. *See In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 57 (Tex. 2019) (orig. proceeding)[2]. But here, the record is devoid of any showing as to how Mother is prejudiced by the dual representation. Mother stated that settlement negotiations have broken down now that Cook is in the lawsuit, and while this may be true, it has nothing to do with the fact that both Cook and Orcutt are represented by the same attorney.

---

[1] TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(a), cmt. 17, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9).

[2] Cases prior to *Murrin* focused on prejudice to the administration of justice and not to the opposing party. As such, they are no longer persuasive law.

As there is no evidence of prejudice to Mother from this conflicting representation, the trial court abused its discretion in granting the motion to disqualify. I would grant the petition for a writ of mandamus.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan (Christopher, C.J., dissenting).